UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARKEL D. PALMER-TATE,

    Plaintiff,

v.                                        CAUSE NO. 3:19-CV-708-DRL-MGG

UNITED STATES FEDERAL
MARSHALL'S *et al.*,

    Defendants.

OPINION AND ORDER

Markel D. Palmer-Tate, a prisoner without a lawyer, filed a complaint (ECF 1) against the "United States Federal Marshall's" and "Indiana State Fort Wayne Police Department" alleging that both his phone and home were subject to unlawful searches on April 11, 2016. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Palmer-Tate alleges that, on April 11, 2016, he was detained for questioning by the "Indiana State Fort Wayne Police Department."[1] An unidentified officer ordered Mr. Palmer-Tate to unlock his cellphone and then questioned him about information on the phone, even though the officer lacked a warrant. Other unidentified officers went to Mr. Palmer-Tate's landlord, told him that Mr. Palmer-Tate was being investigated for a crime, and reported to the landlord that they believed that individuals not on the lease (Mr. Palmer-Tate's girlfriend and children) were staying in the

---

[1] It is unclear if Mr. Palmer-Tate is suing the Indiana State Police or the Fort Wayne Police Department.

residence. The landlord and an unidentified officer then went to the residence and represented to the mother of Mr. Palmer-Tate's children that Mr. Palmer-Tate had consented to a search of the home. Mr. Palmer-Tate was released following questioning, although officers retained custody of some of his personal property. He was later evicted from his residence without notice. Mr. Palmer-Tate's complaint indicates that a criminal charge related to the allegations in his complaint pends against him. That charge has recently been resolved, however. *See United States v. Palmer-Tate*, No. 1:16-CR-78-DRL-SLC (sentenced to 188 months of incarceration on November 8, 2019). Mr. Palmer-Tate seeks monetary damages and the dismissal of his criminal charge.

To the extent that Mr. Palmer-Tate is suing the Indiana State Police, any claim for damages is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). To the extent that Mr. Palmer-Tate is suing the Fort Wayne Police Department, he cannot proceed because a municipal police department is not a suable entity under Indiana law. *Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011).[2] Thus, Mr. Palmer-Tate cannot proceed against either the Indiana State Police or the Fort Wayne Police Department.

While Mr. Palmer-Tate has named the United States Federal Marshals as a defendant, his complaint does not mention the agency anywhere other than in the caption. Furthermore, Mr. Palmer-Tate has not sued any individual that is allegedly responsible for violating his rights. "In *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 394 (1971)] the Supreme Court recognized an implied cause of action for damages against federal officers to redress a constitutional violation." *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). But, "a defendant cannot be liable under *Bivens* on the basis of *respondeat superior* or supervisory liability, rather, there must be individual

---

[2] Furthermore, even if Mr. Palmer-Tate had sued the City of Fort Wayne, he could only prevail if his injury was the result of an official policy or custom established by the City of Fort Wayne. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

participation and involvement by the defendant. . . . [E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (internal citations omitted). Accordingly, he cannot proceed against the United States Federal Marshals based on this complaint.

To the extent that Mr. Palmer-Tate is trying to obtain an order declaring that his rights were violated in his federal criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the criminal case or in a habeas corpus proceeding under 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that rationale of *Preiser* "applies just as soundly to federal prisoners filing a claim based on *Bivens*").

Lastly, to the extent that a finding in Mr. Palmer-Tate's favor in this case would undermine his federal criminal conviction, his claim can only be brought if his federal conviction is set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Though this complaint does not state a claim and it seems unlikely that Mr. Palmer-Tate will be able to state a claim, it is not possible to say definitively that he could not do so. Therefore, he will be permitted time to file an amended complaint if he believes that he can add additional facts that would state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the reasons set forth above, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Markel D. Palmer-Tate;

(2) GRANTS Markel D. Palmer-Tate to and including **December 12, 2019** to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 14, 2019 *s/ Damon R. Leichty*
Judge, United States District Court